# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

JOHNNIE LEE HUDSON                                                                    PLAINTIFF

v.                                                                          No. 4:06CV30-P-A

LAWRENCE KELLY, ET AL.                                                           DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Johnnie Lee

Hudson (# 05459), who challenges the conditions of his confinement under 42 U.S.C. § 1983.

For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was

incarcerated when he filed this suit. The plaintiff was found guilty of a prison rule violation

(fighting with another inmate, except in self-defense) and punished by placement in isolation for

twenty days. He argues that the Mississippi Department of Corrections did not provide him with

the process he was due under the Due Process Clause of the Constitution. For the reasons set

forth below, the instant case shall be dismissed for failure to state a claim upon which relief

could be granted.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct.

2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a

claim which implicates the Due Process Clause or any other constitutional protection. As the

Court held, "States may under certain circumstances create liberty interests which are protected

by the Due Process Clause [, but] these interests will be generally limited to freedom from

restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to

protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the instant case, the plaintiff's punishment was placement in isolation, just as the plaintiff in *Sandin*. As such, the deprivation at issue does not rise to the level of a constitutional violation, and this case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE